IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES DAVENPORT,            :
                            :      Civil No. 3:14-CV-742
        Plaintiff           :
                            :      (Judge Munley)
v.                          :
                            :      (Magistrate Judge Carlson)
UNITED STATES OF AMERICA,   :
                            :
        Defendant           :

REPORT AND RECOMMENDATION

I.      Introduction

Federal inmates who bring claims against the United States as their jailer

pursuant to the Federal Tort Claims Act, (FTCA) 28 U.S.C. § 2675, *et seq.,* must

carefully navigate a series of procedural shoals.  If they bring their claims prematurely

they face dismissal of the claims for failure to fully exhaust their administrative

remedies.  If they are too tardy in filing their claims they may run afoul of the FTCA's

statute of limitations.  Thus, prisoners often must endeavor to steer a course between

the Scylla of the FTCA's exhaustion requirement and the Charybdis of the bar of the

statute of limitations.

In this case, the plaintiff has previously encountered these procedural shoals

when the initial complaint which he filed was dismissed due to his failure to exhaust

his administrative remedies.  Having initially suffered this fate, Davenport has now

promptly filed a new complaint following his satisfaction of the FTCA's exhaustion requirement.   Despite this prompt action by the plaintiff, the defendant, who previously asserted that Davenport acted too soon when it sought dismissal of the plaintiff's original complaint on exhaustion grounds, now has moved to dismiss Davenport's latest complaint, alleging that he has now acted too late and is time-barred by the FTCA's statute of limitations.

For the reasons set forth below, it is recommended that this motion to dismiss be denied, since the unique facts of Davenport's case entitle the plaintiff to equitable tolling of the FTCA's statute of limitations.

## II.    Statement of Facts and of the Case

The *pro se* plaintiff is a federal prisoner, who was formerly housed at the United States Penitentiary-Canaan in the summer of 2011.  On May 15, 2013, Davenport filed a complaint against the United States in Davenport v. United States, Civil No. 1:13-CV-1334, alleging that in June of 2011 the prison served inmates chicken fajitas. According to the plaintiff, the chicken was bad, and was tainted with salmonella bacteria.   Consequently, the plaintiff contracted food poisoning, and suffered excruciating pain and symptoms which included headaches, diarrhea, abdominal pains, nausea, chills, vomiting, inability to eat and profuse sweating.  Alleging negligence on the part of the prison in the preparation and service of this food, the plaintiff

brought this action seeking damages from the United States, pursuant to the Federal

Tort Claims Act, 28 U.S.C. § 2675, *et seq.*

On March 6, 2014, the defendant filed a motion to dismiss this complaint. This

motion alleged that the plaintiff had failed to exhaust his administrative remedies

within the prison before filing this lawsuit, something that prisoner plaintiffs are

required by law to do as a prerequisite to seeking relief in federal court. With respect

to this administrative exhaustion requirement, the undisputed evidence revealed the

following chronology of events: The plaintiff's administrative tort claim was received

for filing on December 6, 2012. The plaintiff's Complaint was docketed by the Court

on May 15, 2013. The Bureau of Prisons then denied the plaintiff's administrative tort

claim three weeks later, on June 5, 2013. Thus, the plaintiff had not received a final

denial by the agency before filing a complaint in federal court as is required by 28

U.S.C. §2675(a), although he received this denial three weeks after filing his

complaint.

On these facts, the defendant has sought to dismiss this complaint, citing the

plaintiff's failure to exhaust administrative remedies within the prison system prior to

filing this complaint. Upon consideration of this motion, and recognizing the

jurisdictional nature of the FTCA's exhaustion requirement, we recommended that the

motion to dismiss be granted, but without prejudice to the re-filing of a complaint now

that the plaintiff had completed the process of exhausting his administrative tort

claims. Our Report and Recommendation also anticipated that the defendants might in the future assert the FTCA's statute of limitations as a bar to this action. While we did not reach the issue of the statute of limitations, since that question was not yet before us, we recommended that the dismissal of the plaintiff's initial lawsuit be without prejudice to the re-filing of this complaint now that exhaustion had been completed since the FTCA's statute of limitations, which may be equitably tolled, clearly would not render re-filing the complaint a futile gesture. On May 21, 2014, the District Court adopted this Report and Recommendation and dismissed Davenport's initial complaint on administrative exhaustion grounds.

Yet, even as this Report and Recommendation was pending in Davenport's prior case, the plaintiff moved with alacrity to bring his now fully exhausted tort claim before the Court. Thus, on April 17, 2014, Davenport filed the instant complaint, which re-stated his FTCA claim against the United States arising out of this episode of food poisoning. (Doc. 1.) Following service for this complaint upon the United States, (Doc. 8.), the United States filed a motion to dismiss which now asserts the FTCA's statute of limitations as a bar to Davenport's latest complaint. (Doc. 10). This motion to dismiss is fully briefed by the parties, (Docs. 11-13.), and is, therefore, ripe for resolution.

For the reasons set forth below, it is recommended that the motion to dismiss be denied since Davenport's unique circumstances entitle him to avail himself of equitable tolling of the FTCA's statute of limitations.

### III.    Discussion

### A.    Standards of Review

The defendant has moved to dismiss this complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Rule 12(b)(1), in turn, permits the dismissal of an action for "lack of subject matter jurisdiction."  A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. See Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977). In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.  See id., PBGC v. White, 998 F.2d 1192, 1196 (3d Cir.1993). In reviewing a factual attack, the court may consider evidence outside the pleadings. See Gotha v. United States, 115 F.3d 176, 178-79 (3d Cir.1997) (citing Mortensen, 549 F.2d at 891).  Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)(footnote omitted) holding modified on other gr'ds  by Simon v. United States, 341 F.3d 193 (3d Cir. 2003).

Moreover, to the extent that this motion considers matters beyond the pleadings we have also placed the parties on notice that we may treat this motion as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P., Rule 56 (a). Through summary adjudication a court is empowered to dispose of those claims that do not present a "genuine issue as to any material fact," Fed. R. Civ. P. 56, and for which a trial would be "an empty and unnecessary formality." Univac Dental Co. v. Dentsply Int'l, Inc., No. 07-0493, 2010 U.S. Dist. LEXIS 31615, at *4 (M.D. Pa. Mar. 31, 2010).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-

moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. Anderson, 477 U.S. at 249. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007). Moreover, a party who seeks to resist a summary judgment motion by citing to disputed material issues of fact must show by competent evidence that such factual disputes exist. Further, "only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment." Countryside Oil Co., Inc. v. Travelers Ins. Co., 928 F.Supp. 474, 482 (D.N.J.1995).

Similarly, it is well-settled that: "[o]ne cannot create an issue of fact merely by . . . denying averments . . . without producing any supporting evidence of the denials."

Thimons v. PNC Bank, NA, 254 F. App'x 896, 899 (3d Cir. 2007)(citation omitted).

Thus, "[w]hen a motion for summary judgment is made and supported . . ., an adverse

party may not rest upon mere allegations or denial." Fireman's Ins. Co. of Newark NJ

v. DuFresne, 676 F.2d 965, 968 (3d Cir. 1982), see Sunshine Books, Ltd. v. Temple

Univ., 697 F.2d 90, 96 (3d Cir. 1982). "[A] mere denial is insufficient to raise a

disputed issue of fact, and an unsubstantiated doubt as to the veracity of the opposing

affidavit is also not sufficient." Lockhart v. Hoenstine, 411 F.2d 455, 458 (3d Cir.

1969). Furthermore, "a party resisting a [Rule 56] motion cannot expect to rely merely

upon bare assertions, conclusory allegations or suspicions." Gans v. Mundy, 762 F.2d

338, 341 (3d Cir. 1985)(citing Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981)).

**B.**     **Exhaustion and Statute of Limitations Considerations Under the FTCA**

This motion also invites the Court to consider the interplay of the FTCA's

exhaustion requirement and statute of limitations. As a general rule, the United States

enjoys sovereign immunity from suit unless it otherwise consents to be sued. White-

Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010). The United States'

"consent to be sued must be 'unequivocally expressed,' and the terms of such consent

define the court's subject matter jurisdiction." Id. The Federal Tort Claims Act

constitutes "a limited waiver of the United States's sovereign immunity." Id. The

FTCA provides that the United States shall be liable, to the same extent as a private

individual, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]"  28 U.S.C. § 1346(b)(1); see also 28 U.S.C. § 2674.  Therefore, compliance with the procedures prescribed by the FTCA is a prerequisite to obtaining relief under this statute.

One of these prerequisites to suit under the FTCA is that a claim must first be presented to the federal agency and be denied by the agency, or be deemed to be denied.  Section 2675(a) of Title 28, United States Code, provides in pertinent part:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of the agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . . .

Thus, prior to commencing an FTCA action against the United States in federal court, however, a plaintiff must "first present[] the claim to the appropriate Federal agency" and receive a final denial "by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).

Moreover, once an administrative claim is addressed by the agency, a dissatisfied claimant must promptly file suit. The failure to timely file a complaint will bar the plaintiff from proceeding in federal court.  As the FTCA notes:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

The FTCA imposes a twofold obligation of timeliness upon litigants. Thus, under the FTCA there is a two year period in which a claim must be tendered to the affected federal agency for its consideration. Wadhwa v. Nicholson, 367 F. App'x 322, 325 (3d Cir. 2010). Once the agency has acted upon the administrative claim, denying the claim, the plaintiff then has six months in which to proceed to court. Id. Further, "§ 2401(b)'s limitations periods must be read in the conjunctive. See Willis v. United States, 719 F.2d 608, 610–613 (2d Cir.1983); Houston v. U.S. Postal Serv., 823 F.2d 896, 902 (5th Cir.1987); Ellison v. United States, 531 F.3d 359, 362–63 (6th Cir.2008); Schuler v. United States, 628 F.2d 199, 201–02 (D.C.Cir.1980) (en banc) (per curiam). . . . . [Therefore]  both limitations periods under § 2401(b) must be satisfied in order for an FTCA complaint to be timely." Seiss v. United States, 792 F. Supp. 2d 729, 732 (D.N.J. 2011).

However, "the FTCA's statute of limitations is not jurisdictional, and thus in appropriate circumstances the equitable tolling doctrine can apply in actions under it. Hughes v. United States, 263 F.3d 272, 278 (3d Cir.2001); see Hedges v. United States, 404 F.3d 744, 748 (3d Cir.2005) (federal courts apply equitable tolling to wide

range of cases against the Government, including FTCA claims).” <u>Santos ex rel.</u>

<u>Beato v. United States</u>, 559 F.3d 189, 194-95 (3d Cir. 2009).  Equitable tolling

requests, however, are judged by exacting standards.  Thus, “ ‘a plaintiff will not

receive the benefit of equitable tolling unless []he exercised due diligence in pursuing

and preserving h[is] claim’ because ‘[t]he principles of equitable tolling ... do not

extend to “garden-variety claims of excusable neglect.” ’  <u>Santos</u>, 559 F.3d at 197

(citing <u>Irwin,</u> 498 U.S. at 96, 111 S.Ct. 453).  The ‘remedy of equitable tolling is

extraordinary, and we will extend it only sparingly.’  <u>Hedges v. United States</u>, 404

F.3d 744, 751 (3d Cir.2005).  [In FTCA actions] ‘it is especially appropriate to be

restrictive with respect to extension of equitable tolling in cases involving the waiver

of the sovereign immunity of the United States.’  <u>Santos</u>, 559 F.3d at 197 (citing

<u>United States v. Kubrick</u>, 444 U.S. 111, 117-19, 100 S.Ct. 352, 62 L.Ed.2d 259

(1979)).”   <u>Jones v. United States</u>, 366 F. App'x 436, 439 (3d Cir. 2010).

Consequently, “[e]quitable tolling may apply to FTCA claims in three instances:  ‘(1)

where the defendant has actively misled the plaintiff respecting the plaintiff's cause

of action; (2) where the plaintiff in some extraordinary way has been prevented from

asserting his or her rights; or (3) where the plaintiff has timely asserted his or her

rights mistakenly in the wrong forum.’  <u>Hedges,</u> 404 F.3d at 751(internal citations

omitted).”   <u>Jones v. United States</u>, 366 F. App'x 436, 439-40 (3d Cir. 2010).

Furthermore, where a plaintiff fails to show that his claims were subject to these

specific grounds for equitable tolling, tolling is unavailable and the statute of limitations serves as a bar to further litigation.  See e.g., Jones v. United States, 366 F. App'x 436, 439-40 (3d Cir. 2010); Hedges v. United States, 404 F.3d 744, 746 (3d Cir. 2005).

### C.    Davenport Is Entitled to Equitable Tolling of the FTCA's Statute of Limitations

In this case, while the law sets exacting standards for equitable tolling of the FTCA's statute of limitations, we find that the unique circumstances presented here call for equitable tolling, and compel the denial of this motion to dismiss.

At the outset, given the FTCA's clear proscription that: "[a] tort claim against the United States shall be forever barred it is presented in writing to the appropriate Federal Agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented," 28 U.S.C. § 2401(b), it is clear that this action, which was filed more than six months after the denial of the plaintiff's administrative claim and more than two years after the incident giving rise to that claim, would be presumptively time-barred absent equitable tolling of the statute of limitations.

The unique facts of this case, however, entitle Davenport to avail himself of equitable tolling.  At the outset, we find that Davenport amply met the first

prerequisite for equitable tolling, due diligence. " '[A] plaintiff will not receive the benefit of equitable tolling unless []he exercised due diligence in pursuing and preserving h[is] claim' because '[t]he principles of equitable tolling ... do not extend to "garden-variety claims of excusable neglect." ' Santos, 559 F.3d at 197 (citing Irwin, 498 U.S. at 96, 111 S.Ct. 453)." Jones v. United States, 366 F. App'x 436, 439 (3d Cir. 2010). Here, Davenport displayed due diligence in pursuing this claim. Indeed, the United States has previously alleged that Davenport was *too* diligent in initially pursuing this claim since it sought dismissal of the plaintiff's original complaint citing the fact that he brought his complaint too diligently and did not await final denial of his administrative tort claim before proceeding into federal court. Furthermore, upon our consideration of the motion to dismiss Davenport's original complaint, the plaintiff acted with great diligence and despatch in re-filing this action, filing his second complaint even before the court had acted upon the motion to dismiss the original complaint on exhaustion grounds. It is difficult to imagine what further diligence Davenport could display in this regard.

We also find that this case falls within one of the three narrow categories where equitable tolling is appropriate as a matter of law. As we have noted, "[e]quitable tolling may apply to FTCA claims in three instances: '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her

rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.' <u>Hedges,</u> 404 F.3d at 751(internal citations omitted). "<u>Jones v. United States</u>, 366 F. App'x 436, 439-40 (3d Cir. 2010). Here, we find that Davenport is entitled to equitable tolling since he originally "timely asserted his . . . rights mistakenly in the wrong forum.' <u>Hedges,</u> 404 F.3d at 751(internal citations omitted)." <u>Jones v. United States</u>, 366 F. App'x 436, 439-40 (3d Cir. 2010). That timely assertion of rights occurred when Davenport filed his original complaint, a complaint that was filed within the 2 year statute of limitations period prescribed by 28 U.S.C. § 2401(b).

While Davenport timely asserted his rights in that initial complaint, it is also undisputed that he did so "mistakenly in the wrong forum.' <u>Hedges,</u> 404 F.3d at 751(internal citations omitted)." <u>Jones v. United States</u>, 366 F. App'x 436, 439-40 (3d Cir. 2010). Davenport acted mistakenly and brought his complaint in the wrong forum because he failed to recognize the jurisdictional nature of the FTCA's exhaustion requirement, a jurisdictional element which the United States has often emphasized in this litigation. Given the jurisdictional quality of full administrative exhaustion as a prerequisite to filing an FTCA lawsuit, we find that Davenport's initial filing in federal court falls squarely within the narrow parameters of the equitable tolling doctrine since it was undeniably a mistaken filing in the wrong forum. Therefore, the requirements of FTCA equitable tolling are fully satisfied here.

Furthermore, we note that permitting equitable tolling while an inmate satisfies legally-mandated exhaustion requirements is a practice which has been expressly

approved by the courts in the related context of inmate civil rights litigation under the

Prison Litigation Reform Act, (PLRA), which also imposes an administrative

exhaustion requirement upon prisoner-plaintiffs. In this setting it has been held that

equitable tolling of any statute of limitations is appropriate while an inmate exhausts

his administrative remedies. This conclusion has been consistently reached by those

appellate courts which have addressed this question in precedential opinions. See e.g.,

Messa v. Goord, 652 F.3d 305, 310 (2d Cir. 2011); Brown v. Valoff, 422 F.3d 926,

942-43 (9th Cir. 2005); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001); Brown

v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000). This view has also often been espoused

by the United States Court of Appeals for the Third Circuit, albeit in non-precedential

opinions, where the court of appeals has held that: "[b]ecause exhaustion of prison

administrative remedies is mandatory under the Prison Litigation Reform Act, the

statute of limitations applicable to § 1983 actions may be tolled while a prisoner

exhausts." Thompson v. Pitkins, 514 F. Appx. 88, 90 (3d Cir. 2013); Paluch v. Sec'y

Pa. Dep't of Corr., 442 Fed. Appx. 690, 694 (3d Cir. 2011)(same). See e.g., Ballard

v. Williams, 3:10-CV-1456, 2010 WL 7809047 (M.D. Pa. Dec. 9, 2010) report and

recommendation adopted, 3:10-CV-1456, 2011 WL 5089726 (M.D. Pa. Oct. 25,

2011); Ozoroski v. Maue, No. Civ. A. No. 08-0082, 2009 WL 414272, at *7 (M.D. Pa.

Feb. 18, 2009); Carter v. Pa. Dep't of Corrections, Civ. A. No. 08-0279, 2008 WL

5250433, at *11 (E.D. Pa. Dec. 17, 2008) ("[T]he statute of limitations begins to run

only when [a] plaintiff has exhausted his administrative remedies under the PLRA.");

Cooper v. Beard, Civ. A. No. 06-0171, 2006 WL 3208783, at *8 (E.D. Pa. Nov. 2,

2006) ("Because an inmate would be placed in a situation where his suit would either

be barred from federal court for failure to exhaust administrative remedies under the

PLRA, or time-barred because he had pursued those administrative remedies . . . the

statute of limitations for an inmate's § 1983 claims are tolled while he exhausts his

administrative remedies."). While these cases construing the interplay of the PLRA's

exhaustion requirement and the pertinent statute of limitations do not control in this

FTCA action, they are nonetheless a fitting paradigm of the approach we should take

in reconciling statutory exhaustion and statute of limitation requirements in this

similar factual setting.

Moreover, we conclude that there would be something fundamentally

inequitable about refusing to apply equitable tolling in this case, where the plaintiff

has consistently acted with dispatch, only to find himself trapped between the Scylla

of the FTCA's exhaustion requirement and the Charybdis of the bar of the statute of

limitations. While the FTCA's statute of limitations plays an important and salutary

role in ensuring the prompt adjudication of claims, those goals would not be attained

by a wooden, mechanical application of the statute of limitations to these

circumstances, where the plaintiff acted promptly and where the facts fall squarely

within the well-recognized parameters of the equitable tolling doctrine, as that

doctrine has been applied to FTCA claims in the past. Instead, refusing equitable

tolling to this *pro se* plaintiff would impose a requirement of preternatural prescience

upon *pro se* inmate plaintiffs.  In essence, it would require the plaintiff to have

recognized the flaws in his complaint in terms of failure to exhaust even before the

court ruled on these exhaustion issues, and would demand that he act prior to receiving

a ruling from the court on this exhaustion issue.  While the statute of limitations

imposes certain obligations on litigants to timely pursue their claims, it cannot be said

that the statute of limitations requires a *pro se* litigant to display greater legal acumen

than the court, and anticipate rulings even before those rulings occur.

Finally, having found that equitable tolling is appropriate in this case, we

conclude that, once the period during which Davenport's original complaint was

pending is tolled from any statute of limitations calculations, then this complaint is

timely filed within the limitations period defined by 28 U.S.C. §2401(b).[1]

## III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the

Defendant's Motion to Dismiss (Doc. 10.), be DENIED.

---

[1]That period of tolling would extend from May 2013 through May 2014.
Once this period is tolled and excluded from statute of limitations calculations, the
plaintiff's April 17, 2014, filing of this complaint would have satisfied the
FTCA's statute of limitations since, after tolling, the instant complaint would have
been filed within two years after such claim accrues and within six months after
the date of mailing, by certified or registered mail, of notice of final denial of the
claim by the agency to which it was presented.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 2d day of October, 2014.

S/Martin C.  Carlson
Martin C. Carlson
United States Magistrate Judge