IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES DAVENPORT, : | No. 3:14cv742 |
|    Plaintiff : | |
| : | (Judge Munley) |
| : | |
| v. : | (Magistrate Judge Carlson) |
| : | |
| UNITED STATES OF AMERICA, : | |
|    Defendant : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court is Chief Magistrate Judge Martin C. Carlson's Report and Recommendation (hereinafter "R&R"). (Doc. 14). The R&R proposes denying Defendant United States of America's (hereinafter "government" or "defendant") motion to dismiss plaintiff's negligence claim filed under the Federal Tort Claims Act (hereinafter "FTCA"). (Doc. 10). The government objects to the R&R, asserting plaintiff filed his complaint beyond the FTCA's statute of limitations. (Doc. 15). The parties have briefed the issue, bringing the case to its present posture.

**Background** [1]

Plaintiff James Davenport (hereinafter "plaintiff") is a *pro se* federal prisoner residing at the United States Penitentiary-Canaan, Waymart,

---

[1] These background facts are derived from plaintiff's complaint. We make no finding at this point as to the veracity of these allegations.

Pennsylvania (hereinafter "USP-Canaan"). (Doc. 1, Compl. at 2). On June 25, 2011, USP-Canaan staff served chicken fajitas to the inmate population, including plaintiff. (Id. at 3). Plaintiff asserts the chicken fajitas were tainted with salmonella. (Id.)

On June 26, 2011, USP-Canaan, in response to the potential salmonella outbreak, implemented a lockdown, requiring all inmates, including plaintiff, to remain in their cells. (Id.) While in his cell, plaintiff informed an officer that he felt ill and exhibited symptoms of vomiting, diarrhea, and fever. (Id.) Additionally, USP-Canaan staff refused plaintiff's offers to provide a stool sample to confirm plaintiff's food poisoning diagnosis. (Id.)

On December 6, 2012, plaintiff filed an administrative grievance with the Federal Bureau of Prisons, alleging negligent preparation of the chicken fajitas. (M.D. Pa. Docket No. 1:13-cv-1334, Doc. 28-1). On June 5, 2013, the Bureau of Prisons denied plaintiff's administrative claim. (Id.) Prior to receiving a determination from the Bureau of Prisons regarding his administrative claim, plaintiff filed an FTCA negligence complaint on May 15, 2013. (Id., Doc. 1). The court stayed plaintiff's case from May 29, 2013 until January 16, 2014, allowing the parties to participate in

mandatory mediation.  (Id., Doc. 10).  After the mediator notified the court that a settlement had not been reached (Id., Doc. 17), the court lifted the stay and required the government to respond to plaintiff's complaint by February 14, 2014 (Id., Doc. 18).

On March 6, 2014, defendant moved to dismiss plaintiff's complaint, alleging plaintiff filed his lawsuit before exhausting his administrative remedies.  (Id., Doc. 27).  On April 8, 2014, Chief Magistrate Judge Carlson issued an R&R proposing the court grant defendant's motion to dismiss without prejudice to plaintiff filing a new complaint.[2]  Judge Sylvia H. Rambo adopted the R&R on May 21, 2014 and dismissed plaintiff's complaint.  (Id., Doc. 38).

On April 17, 2014, nine (9) days after Magistrate Judge Carlson recommended dismissing his first complaint, and thirty-four (34) days before Judge Rambo dismissed the same complaint, plaintiff filed the instant complaint, reasserting his FTCA negligence claim.  (Doc. 1, Compl.).  Defendant filed a motion to dismiss on August 5, 2014, arguing plaintiff filed his FTCA complaint beyond the FTCA's six-month statute of

---

[2] During the pendency of his first FTCA suit, plaintiff fully exhausted his administrative remedies. As such, Judge Carlson indicated that plaintiff could immediately file a new FTCA complaint.  (M.D. Pa. Docket No. 1:13-cv-1334, Doc. 38).

3

limitations. (Doc. 10). On October 2, 2014, Chief Magistrate Judge Carlson recommended that the motion to dismiss be denied, finding that equitable tolling should be applied to the FTCA's statute of limitations. (Doc. 14). On October 16, 2014, the defendant filed an objection, bringing the case to its present posture. (Doc. 15).

**Jurisdiction**

As this negligence case is brought pursuant to the FTCA, 28 U.S.C. § 2675 *et seq.*, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

In the instant matter, defendant moves to dismiss plaintiff's amended complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Rule 12(b)(1) provides that a court may dismiss a complaint for "lack of subject-matter jurisdiction." "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be 'facial' or 'factual.'" Turicentro v. Am. Airlines Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002). A facial attack serves to "contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." Id. On the other hand, if the attack is

factual, the court "accords plaintiff's allegations no presumption of truth. In a factual attack, the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings." Id.

The defendant's Rule 12(b)(1) motion is a factual attack on the court's jurisdiction, because it challenges not merely "an alleged pleading deficiency, but rather the actual failure of [plaintiff's] claims to comport with the jurisdictional prerequisites" of federal law. United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). As such, plaintiff bears the burden of establishing jurisdiction, and unlike other familiar motions, no presumptive truthfulness attaches to the allegations in the complaint. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Moreover, the court may consider evidence outside the pleadings because the court is the "ultimate finder of fact" on jurisdictional questions. S.R.P. ex rel. Abunabba v. United States, 676 F.3d 329, 343 (3d Cir. 2012).

**Discussion**

Plaintiff asserts his negligence claim under the FTCA. Defendant moves to dismiss plaintiff's claim, contending the FTCA's statute of

limitations precludes plaintiff's claim.³ Chief Magistrate Judge Carlson proposes denying defendant's motion to dismiss, asserting equitable tolling rescues plaintiff's claim from the FTCA's statute of limitations. Defendant objects, arguing the court lacks subject matter jurisdiction because plaintiff filed his complaint beyond the FTCA's statute of limitations. After careful consideration, we disagree with the defendant.

The FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674. In this regard, "[t]he FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions, to render the Defendants liable in tort as a private individual would be under like circumstances.'" Sosa v. Alvarez-Machain, 542 U.S. 692, 700 (2004) (citing Richards v. United States, 369 U.S. 1, 6 (1962)); see also CNA, 535 F.3d at 138 (reasoning that 28 U.S.C. § 1346(b)(1), the FTCA provision conferring jurisdiction on district courts, treats actions against government

---

³ In moving to dismiss, defendant cites to McNeil v. United States, 508 U.S. 106 (1993) and Livera v. First National State Bank of New Jersey, 878 F.2d 1186, 1195 (3d Cir. 1989) to argue that the FTCA's time bar deprives this court of jurisdiction. While both cases address the jurisdictional prerequisite of filing an administrative claim before commencing suit, neither discusses the jurisdictional status of the FTCA's statute of limitations in 28 U.S.C. § 2401(b).

employees like the "analogous behavior" of "private persons" under state law).

To file an FTCA action, a plaintiff must complete a two-step process. First, the plaintiff must "present . . . the claim to the appropriate federal agency" in writing within two years after the claim accrues.[4] 28 U.S.C. § 2675(a); 28 U.S.C. § 2401(b). Second, plaintiff must file a complaint in federal court "within six months after the date of mailing of final denial" of the administrative claim.[5] 28 U.S.C. § 2401(b).

As previously discussed, USP-Canaan staff served plaintiff chicken fajitas allegedly contaminated with salmonella on June 25, 2011. (Compl. ¶ 3). On December 6, 2012, well within the FTCA's requirement that an administrative claim be presented in writing to a federal agency within two years after the claim accrued, plaintiff submitted an administrative tort claim to the Federal Bureau of Prisons, Northeast Regional Office (hereinafter "NERO"). (Doc. 11-1, Decl. of Kimberly Sutton ¶¶ 1-3). Thus,

---

[4] A demand is considered "presented" when the federal agency receives written notification of the alleged tortious incident and the alleged injuries, together with a claim for money damages in a sum certain. 28 C.F.R. § 14.2(a).

[5] A federal agency's failure "to make [a] final disposition of a claim within six months after it is filed shall . . . be deemed a final denial." 28 U.S.C. § 2675(a).

plaintiff satisfied the first step of filing an FTCA claim.

The plaintiff, however, filed his first complaint in federal court **before** receiving a final denial from the federal agency. (See M.D. Pa. Docket No. 1:13-cv-1334, Doc. 1). Specifically, plaintiff filed his FTCA complaint on May 15, 2013. (Id.) NERO denied plaintiff's administrative claim on June 5, 2013. (Doc. 11-1, Decl. of Kimberly Sutton ¶ 5). Plaintiff, therefore, failed to successfully complete step two because he filed his FTCA complaint **before** receiving a final denial from a federal agency. Accordingly, Judge Carlson issued an R&R proposing the court dismiss plaintiff's first FTCA complaint on April 8, 2014, (M.D. Pa. Docket No. 1:13-cv-1334, Doc. 38), which Judge Rambo adopted on May 21, 2014. (Id., Doc. 40).

Subsequent to Magistrate Judge Carlson's recommendation that his first FTCA complaint be dismissed, plaintiff filed a second complaint, the complaint in this action, on April 17, 2014. (Doc. 1). Both parties agree the instant complaint fails to satisfy the second step regarding the filing of an FTCA action. Specifically, NERO denied plaintiff's administrative claim on June 5, 2013. (Doc. 11-1, Decl. of Kimberly Sutton ¶ 5). As such, plaintiff had six (6) months, until December 2, 2013, to file his FTCA

complaint. Plaintiff, however, filed his second FTCA complaint on April 17, 2014–one hundred and thirty-six (136) days beyond the FTCA's requirement that a complaint be filed within six months after the federal agency denies plaintiff's administrative claim. Thus, the sole remaining issue is whether plaintiff may invoke equitable tolling to save his late filing.

Defendant asserts equitable tolling under the FTCA is only available in limited circumstances, none of which apply to the instant case. Plaintiff contends equitable tolling is appropriate because plaintiff, as a *pro se* litigant, had no idea that he needed to file a second FTCA complaint while his first FTCA complaint was still pending before Judge Carlson. Judge Carlson recommends applying equitable tolling to excuse the plaintiff's late filing of his second FTCA complaint.

To determine whether equitable tolling applies, the court must first ascertain whether the filing requirements within the FTCA are jurisdictional or procedural. When a time bar is jurisdictional, the court must enforce it, even if the parties failed to raise the issue. United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1631 (2015). On the other hand, the Supreme Court has stated that a procedural time bar limits a court's power only if Congress has "clearly state[d]" so. Sebelius v. Auburn Reg'l Med. Ctr.,

133 S. Ct. 817, 824 (2013) quoting Arbaugh v. Y&Y Corp., 546 U.S. 500, 515 (2006)). Without any congressional signal, courts will treat a procedural time bar as a "mere claims processing rule." Wong, 135 S. Ct. at 1638 (quoting Auburn Reg'l, 133 S. Ct. at 823-25).

The Supreme Court has recently held that the FTCA's statute of limitation, 28 U.S.C. § 2401(b) (hereinafter "section 2401(b)") is a procedural, not jurisdictional, time bar. United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1627 (2015). In Wong, the Supreme Court held that, in enacting the FTCA, Congress did not establish a clear statement showing that section 2401(b) is jurisdictional. Id. at 1628. The text of this provision provides only a statute of limitations, not a restriction on a court's jurisdiction. Id. (citing Holland v. Florida, 560 U.S. 631, 647 (2010)). The Court found unpersuasive an argument that the core phrase of section 2401(b)–that tort claims "shall be forever barred"–indicates a congressional sanction precluding tolling. Id. at 1635. In addition, treating section 2401(b) as jurisdictional would disregard the power federal district courts have to hear FTCA claims in 28 U.S.C. § 1346(b)(1). Id. (stating "district courts. . . shall have exclusive jurisdiction" over tort claims filed against the United States).

10

Furthermore, the Court reasoned that the FTCA actually favors the use of equitable tolling, treating the United States "more like a commoner than like the Crown." Id. at 1637.  The FTCA confers jurisdiction on federal district courts to hear suits "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).  The FTCA also establishes that the United States is accountable "in the same manner and to the same extent as a private individual." 28 U.S.C. § 2674.  Thus, in emphasizing the government's status as essentially a private party, the FTCA exceeds the typical statute's sovereign immunity waiver to indicate that its time bar allows a court to hear late claims.

We find the plaintiff's circumstances in Wong are the same as those of the plaintiff in the present case.  In Wong, the plaintiff filed an FTCA claim within two years of the alleged action in compliance with section 2401(b), which was subsequently denied by the agency. Wong, 135 S.Ct. at 1629.  This denial provided the plaintiff six months to bring her tort claim in federal court. Id.  Plaintiff moved for leave to amend an already filed suit to add her FTCA claims. Id.  While a Magistrate Judge recommended

11

granting plaintiff leave to amend, the district court did not adopt that proposal until three weeks after the FTCA's 6-month deadline.  Id. at 1629-30.  After the government moved to dismiss the claim for lateness, the district court denied equitable tolling and dismissed the complaint.  Id. at 1630.

The Ninth Circuit, however, reversed the district court's ruling, approving the use of tolling because plaintiff "'exercis[ed] due diligence'" in attempting to amend her complaint before the 6-month statutory deadline.  Id. (quoting Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1052 (9th Cir. 2013)).  The Supreme Court then affirmed the Ninth Circuit's judgment.  Wong, 135 S.Ct. at 1638.  Davenport meets this due diligence standard for equitable tolling, having acted with great dispatch in filing the instant complaint just nine days after Magistrate Judge Carlson recommended dismissing his first complaint.[6]  Therefore, the similarities between Davenport's complaint and the facts of the Wong case lead us to apply equitable tolling.

---

[6] We are aware of the Third Circuit's decision specifying that only a limited number of circumstances warrant the use of equitable tolling in FTCA cases.  Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005).  In light of the Supreme Court's decision in Wong to affirm the Ninth Circuit's due diligence standard, we find that the categories laid out in Hedges are not exclusive.

12

**Conclusion**

For the above-stated reasons, we will adopt the Report and Recommendation to the extent that we will deny defendant's motion to dismiss.  The Supreme Court's decision in Wong holding that the FTCA's time bar is not jurisdictional, coupled with plaintiff's diligence in refiling his complaint, lead us to conclude that equitable tolling is applicable here and the complaint is considered timely.  An appropriate order follows.

**Date: 7/8/2015**                                              **s/ James M. Munley**
                                                                **JUDGE JAMES M. MUNLEY**
                                                                **United States District Court**